UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

GAYLE LINDEN, as Executor of the Estate )
of DOLORES HUMMEL, Deceased )
)
    Plaintiff, )
)
    vs. ) No. 2014 CV 50161
)
PETERSEN HEALTH NETWORK, LLC )
d/b/a ROCHELLE REHAB & )
HEALTHCARE CENTER, )
)
    Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, GAYLE LINDEN, as Executor of the Estate of DOLORES HUMMEL, deceased, by and through her attorneys, KOROLL LITIGATION GROUP, LTD. and complaining of the Defendant, PETERSEN HEALTH NETWORK, LLC., d/b/a ROCHELLE REHAB & HEALTHCARE CENTER, states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this matter based upon diversity of citizenship as contained in 28 United States Code §1332, in that the Plaintiff, GAYLE LINDEN, as Executor of the Estate for DOLORES HUMMEL, deceased, is a citizen of the State of Pennsylvania. Beneficiaries of the Estate are : Gayle R. Linden, citizen of Pennsylvania, residing at 3059 Tamarack Drive, Sharpsville, Pennsylvania; Rose Lee Hummel, citizen of Wisconsin, residing at 406 Fredrick Street North, Stevens Point, Wisconsin; Janice Janes, citizen of Iowa, residing at 39619 341 Street, Bellevue, Iowa; Carol Caldwell, citizen of New Mexico, residing at 740

1

Promenade Trail, SW, Los Lunas, New Mexico.

2. Defendant, PETERSEN HEALTH NETWORK, LLC., ( hereafter PHC) is an Illinois limited liability company, with its' principal place of business in the State of Illinois, doing business as ROCHELLE REHAB & HEALTH CARE CENTER, ( hereafter, RRHCC) located at 900 North 3rd Street, Rochelle, Illinois. On information and belief employees, agents or apparent agents of, who provided medical and nursing services to the Plaintiff at RRHCC are citizens of Illinois.

3. There is complete diversity between the parties in this matter and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. Venue is proper pursuant to 28 USC 1391(b)(2) as the substantial part of the events or omissions giving rise to the claim occurred in Ogle County, Illinois which is part of the Western Division of the Northern District of Illinois.

## COUNT I
## ROCHELLE REHAB & HEALTHCARE CENTER
### Nursing Home Care Act, 210 ILCS 45/et.seq.

5. At all times relevant hereto, the Defendant, provided nursing home care services at 900 North 3rd Street, Rochelle, Ogle County, Illinois and as such is subject to the authority of the Illinois Nursing Home Care Act ( 210 ILCS 45/1-101) .

6. That at all times pertinent hereto, Defendant, RRHCC , an Illinois corporation, was doing business as a nursing home providing rehabilitation and health care services in the City of Rochelle, County of Ogle and State of Illinois. Said organization held itself out to provide residential nursing home services to Plaintiff and did provide such services through its staff, employees, assigned registry personnel, servants, agents and apparent agents for pecuniary

consideration.

7. RRHCC was subject to the authority of and required to provide services in conformity with the Illinois Nursing Home Care Act, 210 ILCS 45/1-101.

8. RRHCC entered into a contract to provide nursing home services to Dolores Hummel.

9. On or about June 26, 2013, a Licensed Practical Nurse employed by RRHCC applied oxygen from a portable canister filled with liquid oxygen, and by nasal cannula, to the face of Dolores Hummel causing severe burning to the face, cheeks, ear and airway of Dolores Hummel.

10. The oxygen tank used on or about June 26, 2013 was filled with liquid oxygen by a Licensed Practical Nurse employed by RRHCC. The liquid oxygen was located in an oxygen storage area.

11. RRHCC had at the time of the injury to Dolores Hummel, a policy for Liquid Oxygen-Fill dated 9/14/12 directing nursing staff how to safely fill and use oxygen tanks.

12. Pursuant to the Liquid Oxygen-Fill Policy, the product literature instructs: "Do not touch liquid oxygen or parts that have been in contact with liquid oxygen. Liquid oxygen is extremely cold ( -297 degrees F ). When touched, liquid oxygen or parts of the liquid oxygen can freeze skin and body tissue."

13. The oxygen tubing was removed from the face of Dolores Hummel by " Connie" a housekeeper who heard her crying out in distress.

14. Connie, the housekeeper who removed the oxygen stated the canister was sitting on an upholstered recliner next to Dolores Hummel's bed. The housekeeper observed the tank to be spurting white fog, covering the upholstery on the chair.

15. In the afternoon of June 26, 2013, Dolores Hummel was examined by a physician, "Dr. Jason Popp" at RRHCC who found her face to be swollen with freezer like burn wounds also involving her cheeks and ear.

16. Dolores Hummel died on July 1, 2013.

17. Between June 26 and July 1, 2013 Dolores Hummel suffered severe facial swelling, pain, discomfort, inability to eat and severe emotional distress.

18. That at all times pertinent hereto Defendant, RRHCC had a duty to exercise reasonable care and provide medical and nursing care and treatment to Dolores Hummel as ordered by her physicians and required by the Nursing Home Care Act, 210 ILCS 45/*et seq.*, and local, state and federal nursing home care laws, rules and guidelines.

19. That despite said duty, Defendant, RRHCC, by and through its staff, employees, assigned registry personnel, servants, agents and apparent agents, was negligent in one or more of the following ways:

   a. Failed to provide adequate personal care and maintenance of Delores Hummel in violation of 210 ILCS 45/2-107, including general oversight and supervision of Dolores Hummel while she was a nursing home resident;

   b. Failed to properly and promptly investigate Dolores Hummel's medical conditions in violation of 210 ILCS 45/2-107;

   c. Improperly filled and utilized a liquid oxygen canister to provide oxygen to Dolores Hummel.

   d. Failed to promptly and properly Dolores Hummel for respiratory and airway injury;

   e. Failed to prevent injury to Dolores Hummel.

   f. Failed to establish nursing diagnosis and formulate and follow nursing care plans directed to alterations s in skin integrity of the face and ear of Dolores Hummel.

   g. Failed to establish nursing diagnosis and formulate and follow nursing care plans

directed to alterations in the comfort of and for the suffering of Dolores Hummel.

    h.    Failed to follow the requirements of the Nursing Act, as contained in 225 ILCS 65/50-1 *et seq.*, 225 ILCS 65/55-1 *et seq.*, 225 ILCS 65/60-1 *et seq.*, 225 ILCS 65/65-1 *et seq.*, 225 ILCS 65/70-1 *et seq.*, and 225 ILCS 65/75-1 *et seq.* in the care and treatment of Dolores Hummel.

    i.    Was otherwise negligent in the care and treatment of Dolores Hummel.

20.    Due to and as a result of the above cited allegations of negligence, Dolores Hummel suffered a deterioration of her physical and emotional condition, was deprived of an opportunity for prompt diagnosis and treatment to the injury to her person and, as such, reduced the effectiveness of treatment, suffered pain and died.

WHEREFORE, Plaintiff, Gayle Linden, Executor of the Estate of Dolores Hummel, deceased, prays for judgment against the Defendant,, in a sum in excess of $75,000.00, plus costs of suit and all remedies available under 210 ILCS 45/3-602 including damages, costs and specifically requesting payment of all attorneys fees incurred in the handling of this claim and any other relief as this Court sees fit.

GAYLE LINDEN, Executor of the Estate of DOLORES HUMMEL, deceased, Plaintiff,

BY *Cynthia J. Koroll*
      Cynthia Koroll

Cynthia Koroll
Koroll Litigation Group, Ltd.
630 N. Church Street, Suite 202
Rockford, Il 61103
PH: 815-316-7554
Fax 779-423-2332